## EMILE DIONNE

*vs:*

## WEST PARIS BUILDING ASSOCIATION, ET ALS.

### Oxford.   Opinion December 14, 1927.

*The language "excavate earth, stone, rubbish, and all other materials" in a building contract is not broad enough to cover blasting and removing ledge.*

*Where it appears that a finding of fact by the sitting Justice on which final decree was based was contrary to the evidence, an appeal in equity must be sustained.*

On appeal.   A bill in equity to enforce a lien on a building owned by the West Paris Manufacturing Association, consolidated with another bill brought by the Chalmers Lumber Company against Emile Dionne, et als, to enforce a lien on the same building.   The sitting Justice found against the complainant in the first bill and in favor of the complainant in the second bill, and Emile Dionne, complainant in the first bill, took an appeal. Appeal sustained with costs.   Decree below to be modified to accord with opinion.

The case fully appears in the opinion.

*Herbert E. Holmes*, for Emile Dionne.

*Walter L. Gray and Harry Manser*, for West Paris Building Association.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

WILSON, C. J.   A bill in equity brought by the plaintiff to enforce a lien on a building owned by the West Paris Manufacturing Ass., with which a bill brought by the Chalmers Lumber Co. against Emile Dionne, et als, to enforce a lien on the same building was consolidated.

The sitting Justice below found that the Chalmers Lumber Co. was entitled to a lien for an unpaid balance of its account for materials furnished Dionne.    Under the bill brought by Dionne, the only dispute was with reference to two items or claims: one for blasting and removing ledge in excavating for the cellar, and the second for fuel used in heating the building to enable the work to be carried on during the winter months after the date stipulated in the contract for its completion, the delay in completion being chiefly caused, according to the plaintiff, by an alleged failure on the part of the owner to comply with the terms of the contract in installing the heating plant which was essential to the prosecution of the plaintiff's work of construction.

The sitting Justice disallowed both items, and from his decree the plaintiff, Emile Dionne, appealed.    The decree below held that even if the removal of the ledge was not covered by the contract, the parties agreed upon an adjustment of the dispute between them as to whether it was covered by the contract or the plaintiff was entitled to an extra compensation for his work;  and that the plaintiff had failed to show that any breach of the contract by the owner was the cause of the delay in the completion of the building and for this reason denied the claim for fuel supplied in heating the building after the date stipulated in the contract for its completion.

We adopt the finding of the sitting Justice as to the claim for heating.    The plaintiff failed to sustain the burden of showing that the delay in completion of the building was due to any fault of the owner or failure to comply with the terms of the contract on its part.

As to the claim for blasting and removing the ledge, the clause of the contract covering it reads as follows:

> "Excavate the earth, stone, old foundations, rubbish and all other materials according to the area of the plans of sufficient depth to build all walls, piers, foundations, etc."

We think the above provision is not broad enough to cover blasting and removing ledge.    The word "stone" according to its ordinary use covers small pieces of rock or one of moderate size.    Webster's Dic.    Large masses are usually described as rock or ledge.

To excavate is to hollow out or make a cavity by digging or scooping, and unless there is something in the contract or written instrument to indicate a broader use of the term, it does not include blasting and removing rock or ledge. See title, Words and Phrases; *Hellwig* v. *Blumenberg et al,* 7 N. Y. S. 746. The use of the general term and "all other materials" adds nothing. According to the familiar rule of construction of *ejusdem generis,* this phrase should be construed only as applying to "other materials" of a similar nature to those already specifically mentioned.

We are unable to find evidence in the record sufficient to sustain the finding of the sitting Justice that there was an adjustment of the dispute between the parties as to the construction of the clause of the contract.

As soon as the ledge was uncovered, the plaintiff made his claim for extra compensation. A conference was had with defendant's building committee. The plaintiff informed the committee of the cost of removal. The committee denied its liability, it is true, but it was finally qualified with the provision that if they were liable they would pay. A proposal by the committee was made, as they testify, to help out the plaintiff, and as he says, to lessen their expense; that the building be raised one foot and the depth of the cellar be reduced six inches, which reduced the amount of blasting required by eighteen inches. That this was not accepted by the parties as an adjustment of their dispute is clearly indicated, we think, by the fact that after this change in the plans was made by the committee, the plaintiff informed them that the cost of blasting and removing the ledge would then be $2100, and the committee, while the work was going on, kept account of the time and men engaged in the work, as they said, to protect themselves in case suit was brought. That the change in elevating the building one foot required five sets of steps outside for which the plaintiff charged nothing is accounted for by the fact that by the change he was saved the construction of six inches of concrete wall in building the foundations and has little weight as against the plaintiff's notice to defendant's committee of the cost after the change in the elevation was made, and the committee's acts in keeping account of the time and expense of doing the blasting. It is clear, we think, that parties arrived at no settlement of their dis-

pute, but the contractor went ahead, leaving it to be later determined as to his claim.

On this account the appeal must be sustained. The evidence, however, falls far short of sustaining any such a charge as $1708 for doing the work. After the change in depth of the excavation was made, the highest estimate of any part of the depth of ledge requiring removal was thirty inches, and its area obviously from the plaintiff's own testimony and exhibit did not cover more than one-half of the superficial area of the excavation. The entire excavation for the cellar and foundation walls totaled about fifteen hundred cubic yards.

The plaintiff now claims the ledge removed was over four hundred cubic yards, or more than one-fourth of the entire excavation. The architect estimated the rock taken out as about one hundred cubic yards. Assuming, as the evidence indicates, that it covered no more than half the superficial area of the cellar and at its highest point did not exceed thirty inches in depth or had an average depth of fifteen inches, the rock removed would not exceed one hundred and thirty-five yards, and even if at all points was of the full depth of thirty inches, the volume would not exceed two hundred and seventy yards.

In the light of the architect's testimony, we think the former figures are nearer the actual facts and with an allowance for the saving of the removal of an equal amount of earth which the plaintiff testified was worth one dollar per yard we find that five hundred dollars is ample to compensate the plaintiff for the work of blasting and removing the ledge. This is corroborated by the evidence as to the time and expense incurred. The drilling machine and men cost fifty-five dollars per day according to the plaintiff and were engaged five days. According to the evidence of the defendant there were four other men engaged eight days removing and disposing of the rock; and according to the plaintiff eight or ten men. In either case, having in mind the saving on earth excavation to the amount of the number of yards of rock removed, five hundred dollars is ample compensation for this work, and for this amount the plaintiff may recover and have his lien.

*Appeal sustained with costs. Decree below to be modified to accord with opinion.*